CARLO MANGINI, PLAINTIFF, v. ANNA MANGINI, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided July 13, 1950.

*Mr. Richard J. Baker,* attorney for plaintiff.

*Mr. Martin Klughaupt,* attorney for defendant.

HEGARTY, A. M. On December 12, 1948, the defendant herein, Anna Mangini, brought an action for divorce against the plaintiff herein, Carlo Mangini (Docket M-1625-48), grounded upon his desertion alleged to have occurred on January 1, 1946. However, process was never issued and served in that proceeding and the complaint filed therein was dismissed without prejudice on September 30, 1949. On October 10, 1949, Carlo commenced the above-entitled action grounded on a desertion alleged to have taken place December 1, 1947. This date was changed to December 1, 1946, in an amended complaint filed December 12, 1949. Anna has answered denying the desertion and in a counterclaim for absolute divorce filed March 20, 1950, alleged that Carlo deserted her on February 28, 1948. Carlo has failed to prosecute his action and has not defended against the counterclaim.

I am satisfied from the proof adduced at the hearing that Carlo did desert the defendant in February, 1948, and that the desertion by him has been willful, continued and obstinate. However the question is presented as to whether the period between February, 1948, and September 30, 1949, when Anna's first action was dismissed may be considered as part of the statutory two-year period of desertion.

The broad rule is set forth in *McLaughlin v. McLaughlin*, 90 *N. J. Eq.* 322 (*Ch.* 1919), where it was said that: "the doctrine that the time consumed in a previous divorce suit cannot be counted as any part of an obstinate desertion in a subsequent [suit] between the same parties is too firmly established in this court to now be questioned." The Chancellor in that case pointed out that the rule had its origin in the theory that for a party who had instituted a divorce action based on adultery to live with the defendant would be to condone the offense and that therefore the plaintiff's absence could not be said to be obstinate desertion in another action brought by the defendant. However, the Chancellor felt constrained by *Johnson v. Johnson*, 65 *N. J. Eq.* 606 (*Ch.* 1903), to extend the rule to instances where both suits had been instituted by the same party, although certainly it is unreason-

able to say that the defendant, the injurer rather than the injured, would be condoning his own offense. This extension of the doctrine has been explained, *Jacobs v. Jacobs,* 100 *N. J. Eq.* 482 (*Ch.* 1927), as stating "a presumption that a spouse who commences a suit for divorce does not want to resume cohabitation, because under our law that would put an end to the action, and consequently, the absence of the spouse complained against is not obstinate." It is to be noted that the rule is but a presumption. If the prior suit is not *bona fide, Byrne v. Byrne,* 93 *N. J. Eq.* 5 (*Ch.* 1921), it will not constitute a bar. If the cause of action by one spouse has accrued, the commencement of an action by the other will not toll the running of the period. *Remond v. Remond,* 95 *N. J. Eq.* 650 (*E. & A.* 1923). Thus Carlo's action has no effect on Anna's counterclaim if her action is not barred by the rule as set forth above.

That her first action was dismissed without prejudice does not aid her case since such an order does not signify that the desertion was willfully and obstinately continued but only that the action can be brought again. *Merrill v. Merrill,* 95 *N. J. Eq.* 398 (*Ch.* 1924). As stated above, process in Anna's first action was never issued nor served. Thus the period in question may be counted as part of the statutory period. "I do not think that the doctrine that none of the time occupied by the pendency of a former *bona fide* proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in a later case between them obtains, when process was not issued in the former proceeding, or having been issued, was never served personally, or by publication and substituted service under the statute." *Rinehart v. Rinehart,* 91 *N. J. Eq.* 354 (*Ch.* 1920).

Accordingly, judgment will be advised for the defendant counterclaimant and against the plaintiff for absolute divorce on the ground of desertion as alleged in the counterclaim, and the plaintiff's complaint will be dismissed. The judgment shall contain the following provisions: (a) the care and custody of the infant child, Lydia, is awarded to the defendant

counterclaimant with reasonable rights of visitation to be accorded to the plaintiff; (b) the plaintiff shall be required to pay to the defendant for the support and maintenance of the said infant child, the sum of $20 per week until further order of court; (c) provision for permission of defendant to resume her maiden name to be reserved; (d) an allowance to defendant counterclaimant or to her attorney of attorney's fees in amount of $150 and costs to be taxed.